**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x

Joel Fekete

                        Plaintiff,                                Index No: 1:20-cv-1045


                        -against-                           Demand for Trial by Jury

Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Transunion, LLC,
Online Information Services, Inc.,
d/b/a Online Collections.

                        Defendant(s).

-----------------------------------------------------------------------x

## COMPLAINT

      Plaintiff Joel Fekete ("Plaintiff"), by and through his attorneys, and as for his Complaint

against Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian

Information Solutions, Inc. ("Experian"), Defendant Transunion, LLC ("Transunion"), and

Defendant Online Information Services, Inc., d/b/a Online Collections ("Online Collections"),

respectfully sets forth, complains, and alleges, upon information and belief, the following:


## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15

    U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendant's transact business here.

3. Plaintiff brings this action for damages arising from the Defendants violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff also brings this action for damages arising from the Defendants who are debt collectors, violations of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Kings, residing at 35 Skillman Street, apt 5C, Brooklyn, NY 11205.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of New York, and may be served with process upon Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY, 12207.

8. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers

for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C.

§ 1681a(p) to third parties.

9.   At all times material hereto, Equifax disbursed such consumer reports to third parties

under a contract for monetary compensation.

10.   Defendant Experian Information Solutions, Inc. is a consumer reporting agency as

defined by 15 U.S.C. § 1681a(p) and conducts substantial and regular business activities

in this judicial district. Defendant Experian is an Ohio corporation registered to do

business in the State of New York, and may be served with process upon the CT

Corporation System, its registered agent for service of process at 28 Liberty Street, New

York, NY, 10005.

11.   At all times material here to Experian is a consumer reporting agency regularly engaged

in the business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports, as said term is defined under

15 U.S.C. § 1681a(p) to third parties.

12.   At all times material hereto, Experian disbursed such consumer reports to third parties

under a contract for monetary compensation.

13.   Defendant Transunion is a consumer reporting agency as defined by 15 U.S.C. §

1681a(p) and conducts substantial and regular business activities in this judicial district.

Defendant Transunion is a limited liability company and may be served with process

upon The Prentice-Hall Corporation System, Inc., its registered agent for service of

process at 80 State Street, Albany, NY, 12207.

14.   At all times material hereto Defendant Transunion is a consumer reporting agency

regularly engaged in the business of assembling, evaluating and disbursing information

concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

15. At all times material hereto, Defendant Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

16. Defendant Online Information Services, Inc., d/b/a Online Collections, is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service c/o Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY, 12207.

17. Online Collections is a "debt collector", as defined by 15 U.S. Code § 1692a (6).

## FACTUAL ALLEGATIONS

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Online Collections Dispute and Violations

19. On information and belief, on a date better known to Defendants Equifax, Experian, and Transunion, hereinafter "the Credit Bureaus", the Credit Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to a collection account being reported by Defendant Online Collections in reference to utility bill.

20. The inaccurate information furnished by Defendant Online Collections and published by Defendant Credit Bureaus is inaccurate since the report reflects an incorrect balance.

21. The Plaintiff paid his debt in full to the original creditor, Orange and Rockland Utilities, on or around December 2, 2019, yet the debt collector Online Collections continued to report the collection account with a balance.

22. The Credit Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

23. Plaintiff notified the Credit Bureaus that he disputed the accuracy of the information they were reporting, on or around January 10, 2020, specifically stating in separate letters sent to each Credit Bureau, that he was disputing the reporting of the Online Collections trade line and enclosing proof of his payment in full to the original creditor, Orange and Rockland Utilities.

24. It is believed and therefore averred that the Credit Bureaus notified Defendant Online Collections of the Plaintiff's dispute.

25. Upon receipt of the dispute of the account from the Plaintiff by the Credit Bureaus, Defendant Online Collections failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of the Plaintiff with respect to the disputed balance.

26. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, the Credit Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

27. As of the date of the filing of this Complaint, Defendant Online Collections continues to furnish credit data which is inaccurate and materially misleading, and the Credit Bureaus' reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

28. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

29. Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Equifax)

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

31. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

32. Equifax violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

33. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

34. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

35. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681n.

36. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joel Fekete, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

37.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

38. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

39. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

40. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d)  The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

41. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

42. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

43. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joel Fekete, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Experian)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

45. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

46. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

47. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

48. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

49. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and or Jury pursuant to 15 U.S.C. § 1681n.

50. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joel Fekete, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

52. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

53. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

54. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)  The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h)  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

55. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

56. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

57. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Joel Fekete, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Transunion)

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

59. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

60. Transunion violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

61. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d)  The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

62. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

63. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681n.

64. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joel Fekete, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Transunion)

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

66. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

67. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

68. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

69. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

70. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

71. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joel Fekete, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## SEVENTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Online Collections)

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

73. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

74. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

75. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

76. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

77. The Defendant Online Collections violated 15 U.S.C. § 1681s2-b; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to the credit reporting agencies.

78. Specifically, Online Collections continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the balance.

79. Additionally, Defendant Online Collections failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

80. As a result of the conduct, action and inaction of the Defendant Online Collections, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

81. The conduct, action and inaction of Defendant Online Collections was willful, rendering Defendant Online Collections liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

82. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Online Collections in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joel Fekete, an individual, demands judgment in his favor against Defendant, Online Collections, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## EIGHTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Online Collections)

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

84. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

85. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

86. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

87. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

88. Defendant Online Collections is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

89. After receiving the Dispute Notices from Transunion, Experian and Equifax, Defendant Online Collections negligently failed to conduct its reinvestigation in good faith.

90. A reasonable investigation would require a furnisher such as Defendant Online Collections to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

91. Additionally, the Defendant Online Collections failed to mark the account as disputed after receiving notice of the Plaintiff's disputes.

92. The conduct, action and inaction of Defendant Online Collections was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

93. As a result of the conduct, action and inaction of the Defendant Online Collections, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

94. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Online Collections in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Joel Fekete, an individual, demands judgment in his favor against Defendant, Online Collections, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## NINTH CAUSE OF ACTION

### (Violations of the FDCPA as to Online Collections)

95. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

96. Defendant Online Collections improper credit reporting after receiving notice of the Plaintiff's dispute is a violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e (2), 1692e (5), 1692e (8), 1692(10), and 1692f.

97. As a result of the Defendant Online Collections' violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

98. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)   For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)  For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

g)  For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

h)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3); 15
U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

i)  For any such other and further relief, as well as further costs, expenses and
disbursements of this action as this Court may deem just and proper.

Dated:  Hackensack, New Jersey
February 26, 2020

/s/ David Force
**Stein Saks, PLLC**
By:  David Force
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 107
Fax: (201)-282-6501
dforce@steinsakslegal.com